IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLP JAY STERLING, JR.                                                              PLAINTIFF

v.                                        Civil No. 6:22-CV-06053-SOH-MEF

SHERIFF TRAVIS HILL                                                                   DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant's Motion to Dismiss and Alternative Motion to Stay Motion for Summary Judgment Deadline. (ECF No. 35). Also before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case.

### I.    BACKGROUND

Plaintiff filed his Complaint on May 9, 2022. (ECF No. 1). That same day, the Court entered an Order directing him to file an Amended Complaint and an *in forma pauperis* ("IFP") application. (ECF No. 3). Plaintiff did so on May 20, 2022. (ECF Nos. 6, 7). The Court entered a second Order directing Plaintiff to file an IFP application to correct deficiencies in his first application on May 24, 2022. (ECF No. 8). Plaintiff submitted a correct IFP application and was granted IFP status on June 14, 2023. (ECF Nos. 9, 10). Both the initial Court Order and the Order granting IFP status advised Plaintiff that he must immediately inform the Court of any address change, or his case would be subject to dismissal. (ECF Nos. 3, 10).

On November 6, 2023, Defendant filed his Motion to Dismiss and Alternative Motion to Stay Motion for Summary Judgment Deadline. (ECF No. 35). Defendant states that Plaintiff was

released on bond with an ankle monitor in Tarrant County, Texas. After his release he promptly slipped his ankle monitor and then failed to appear at his bond violation hearing on October 24, 2023. A warrant has been issued for his arrest. (*Id*. at 1). Defendant notes that Plaintiff is not in compliance with Rule 5.5(c)(2) of the Local Rules of Court because he has not kept the Court, or the Defendant, apprised of his current address. (*Id*.).

The Court granted the Motion to Stay the Summary Judgment deadline on November 7, 2023. (ECF No. 37). That same day, the Court entered an Order directing Plaintiff to communicate with the Court. (ECF No. 38). This Order was returned undeliverable on November 30, 2023, indicating that Plaintiff was no longer in the Tarrant County Jail. (ECF No. 39). The deadline for Plaintiff to communicate with the Court was automatically set for January 2, 2023. (*Id*.). Based on the circumstances of this case, however, the Court finds it is not necessary to provide Plaintiff with another 30 days to inform the Court of his current mailing address.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of December 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE